IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LINDA YINGLING, Individually and as Personal Representative of the Estate of ROSE SARAH DERRICKSON<br>138 Hahn Road<br>Westminster, Maryland 21157<br><br>and<br><br>JOHN LARRY DERRICKSON<br>138 Hahn Road<br>Westminster, Maryland 21157<br><br>Plaintiffs<br>v.<br><br>EMERITUS CORPORATION d/b/a EMERITUS SENIOR LIVING d/b/a/ SUMMERVILLE AT WESTMINSTER<br>3131 Elliot Avenue, Suite 500<br>Seattle, Washington 98121<br><br>Defendant | Civil Case No.: |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. sections 1441 and 1446, Defendant Emeritus Corporation ("Emeritus"), by its undersigned counsel, reserving all defenses and objections, respectfully removes this action to the United States District Court for the District of Maryland. As grounds for removal, Emeritus states as follows:

1. This civil action was commenced on April 19, 2010, when plaintiffs Linda Yingling, individually and as Personal Representative of the Estate of Rose Sarah Derrickson, and John Larry Derrickson ("plaintiffs"), filed a complaint in the Circuit Court for Baltimore County, Maryland, captioned <u>Linda Yingling, et al. v. Emeritus Corporation</u>, Case No. 03-C-10-004666 MM (the "State Court action").

2. Emeritus first received a copy of the complaint, which is the initial pleading in this case, when it was served on Emeritus on April 22, 2010. Emeritus, therefore, is filing this notice within thirty (30) days of the date on which it received the the complaint, as required by 28 U.S.C. section 1446(b), and the cases interpreting it. In accordance with 28 U.S.C. section 1446(a), copies of the process, pleadings, orders and other documents served on Emeritus in the State Court action are attached as **Exhibit A**.

3. It is alleged in the complaint that the decedent, Rose Sarah Derrickson was a resident at an assisted living facility located in Westminster, Maryland, and operated by Emeritus. Complaint ¶¶ 4, 8, 9. It is further alleged that, on or about June 19, 2009, plaintiffs' decedent, while a resident at the facility, was "served a meal which included large chunks of meat, given to her by healthcare providers at all times acting for and on behalf of [Emeritus], despite several notations and orders that Mrs. Derrickson requried assistance with eating, and required that food be cut into small pieces." Id. ¶ 9. Plaintiffs allege that Mrs. Derrickson choked on "a piece of meat contained in her meal and became extremely hypoxic after being left alone to consume her meal." Id. ¶ 10. She was transferred to Carrol County Hospital where the piece of meat was removed, and was placed on a ventilator. Id. ¶¶ 11, 12. Mrs. Derrickson died on June 30, 2009, from aspiration pneumonia, according to the complaint. Id. ¶ 13. Plaintiffs allege that Emeritus was negligent by "failing to ensure that the food served to Rose Sarah Derrickson ... was cut into small pieces, thereby resulting in [her] aspiration of food which lead to choking, hypoxia, and eventual death," and by failing to properly monitor her while she ate. Id. ¶¶ 14, 15. The complaint contains two counts for wrongful death.

4. Emeritus is a Washington corporation with its principal place of business in Seattle, Washington. Complaint ¶ 4. Accordingly, Emeritus is a citizen of Washington. See 28 U.S.C. § 1332(c)(1).

5. Plaintiffs Linda Yingling and John Larry Derrickson are residents of Carroll County, Maryland. Complaint ¶ 1, 2. For purposes of diversity jurisdiction, the plaintiffs are, therefore, citizens of Maryland. See Thomas v. Farmer, 148 F. Supp. 593, 595 n.1 (D. Md. 2001).

6. Removal is proper because there is complete diversity of citizenship between plaintiffs and Emeritus, and Emeritus is not a citizen of the State of Maryland. 28 U.S.C. § 1441(a) & (b).

7. In addition, the amount in controversy exceeds $75,000, as required for diversity jurisdiction under 28 U.S.C. section 1332. This requirement is met unless it appears "to a legal certainty" that the plaintiff's claims are "really for less than the jurisdictional amount." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89, 58 S. Ct. 589, 590 (1938). Here, the complaint contains two counts for wrongful death. Under Maryland law, the damages for this action are capped at $831,250.00. Md. Code Ann., Cts. & Jud. Proc. §3-2A-09.

8. This Court, therefore, would have original jurisdiction over this action pursuant to 28 U.S.C. section 1332(a), and the action is properly removable under 28 U.S.C. section 1441(a).

9. The only defendant in this action is Emeritus. As such, all of the defendants to this action have joined in this notice of removal and in requesting that this matter be removed to this Court.

10. No answer or other responsive pleading has been filed in the State Court action.

11. In accordance with 28 U.S.C. section 1441(d), written notice of the filing of this notice of removal will be served promptly on all adverse parties and will be filed with the Clerk of the Circuit Court for Baltimore County, Maryland.

12. The required filing fee of $350.00, accompanies this Notice.

13. No previous application has been made for the relief sought in this notice.

WHEREFORE, Defendant Emeritus Corporation requests that this action be removed from the Circuit Court for Baltimore County, Maryland.

---

Lawrence J. Quinn, Fed. Bar No. 07545
Ann M. Grillo, Fed. Bar No. 25668
Tydings & Rosenberg LLP
100 E. Pratt Street, 26th Floor
Baltimore, Maryland 21202
(410) 752-9700

*Attorneys for Defendant Emeritus Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this May 5, 2010, a copy of the foregoing Notice of Removal was served, by hand-delivery, on: David Ellin, Esquire, Law Office of David Ellin, P.C., 20 South Charles Street, #308, Baltimore, Maryland 21201, Attorneys for Plaintiffs..

_____
Ann M. Grillo