# IN THE CIRCUIT COURT OF MARYLAND
## FOR BALTIMORE COUNTY

LINDA YINGLING, Individually as  
Surviving Daughter, and as      *  
Personal Representative of the Estate  
of the late Rose Sarah Derrickson      *  
138 Hahn Road  
Westminster, MD 21157      *  

And      *  

John Larry Derrickson, Individually      *   Case No.  
As Surviving Son of the Late Rose  
Sarah Derrickson      *  
138 Hahn Road  
Westminster, MD 21157      *  

    *  

v.      *  

EMERITUS CORPORATION dba      *  
EMERITUS SENIOR LIVING dba  
SUMMERVILLE AT WESTMINSTER      *  
3131 Elliott Avenue, Suite 500  
Seattle, WA 98121      *  
SERVE ON: REGISTERED AGENT  
CSC – Lawyers Incorporating Service Co.      *  
7 St. Paul St., Suite 1660  
Baltimore, MD 21202      *  

    Defendant      *  

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT AND REQUEST FOR JURY TRIAL

COME NOW THE PLAINTIFFS Linda Yingling, Individually as Surviving Daughter, and as Personal Representative of the Estate of the Late Rose Sarah Derrickson; and John Larry Derrickson, Individually as Surviving Son of the Late Rose Sarah Derrickson; and through their attorneys, David Ellin and the Law Office of David

Ellin, P.C. sue the Defendant Emeritus Corporation, dba Emeritus Senior Living, dba Summerville at Westminster, and and in support of their claims state:

1. The Plaintiff Linda Yingling is a resident of Carroll County, Maryland.

2. The Plaintiff John Larry Derrickson is a resident of Carroll County, Maryland.

3. The incident which is the subject of this lawsuit took place at Summerville at Westminster, located in Carroll County, Maryland.

4. The Defendant Emeritus Corporation, dba Emeritus Senior Living, dba Summerville at Westminster (herinafter referred to as the "Defendant Corporation"), at all relevant times herein conducted business and held itself out to be a provider of care and assistance to senior citizens throughout the state of Maryland, including Baltimore County (1840 Reisterstown Road, Pikesville, MD 21208).

5. The Defendant Corporation maintains its principle place of business in Seattle, Washington. As such, the Defendant Corporation is subject to suit in any jurisdiction in the state of Maryland.

6. Venue is claimed in Baltimore County, Maryland.

7. At all times, nursing staff and/or healthcare providers at Summerville at Westminster were acting for and on behalf of, and as an agents/employees, either actual or apparent, of the Defendant Corporation, and were reasonably believed by the Late Rose Sarah Derrickson and by the Plaintiff Yingling and Plaintiff John Larry Derrickson to be apparent agents/employees of the Defendant Corporation.

8. The Late Rose Sarah Derrickson, who presented to the Defendant Corporation's facility for ongoing residential care and assistance, had a reasonable and fair belief that nursing

staff and or other healthcare providers at that facility were acting under the control and as apparent agents, representatives, employees and/or servants of the Defendant Corporation.

9. On or about June 19, 2009 Rose Sarah Derrickson, a resident at the Defendant Corporation's facility Summerville at Westminster, was served a meal which included large chunks of meat, given to her by healthcare providers at all times acting for and on behalf of the Defendant Corporation, despite several notations and orders that Mrs. Derrickson required assistance with eating, and required food to be cut into small pieces.

10. Mrs. Derrickson, who at the time of this incident was 90 years old and suffered from Parkinson's disease, dementia, and other ailments that made chewing and swallowing extremely difficult, choked on a piece of meat contained in her meal and became extremely hypoxic after being left alone to consume her meal.

11. Upon discovering that Mrs. Derrickson had choked on her meal and had become hypoxic, nursing staff and/or healthcare providers at the Defendant Corporation's facility arranged for Mrs. Derrickson's transport to Carroll County Hospital, where a 1-inch long piece of meat was removed from her throat.

12. After the blockage was removed from her throat, Mrs. Derrickson was transferred to the Critical Care Unit of Carroll County Hospital, where she was placed on a mechanical ventilator.

13. On June 23, 2009 Mrs. Derrickson was transferred to Carroll Home Care and Hospice, where she died on June 30, 2009. The cause of death was listed as "Aspiration Pneumonia".

14. It is alleged that nursing staff and other healthcare providers at Summerville at Westminster, acting at all times for and on behalf of, and as an agents, servants,

employees and/or representatives of the Defendant Corporation, breached the accepted standards of care by failing to ensure that the food served to Rose Sarah Derrickson on June 19, 2009 was cut into small pieces, thereby resulting in Mrs. Derrickson's aspiration of food which led to choking, hypoxia, and eventual death.

15. It is further alleged that nursing staff and other healthcare providers at Summerville at Westminster, acting at all times for and on behalf of, and as agents, servants, employees an/or representatives of the Defendant Corporation, breached the standards of care, by failing to adequately monitor Mrs. Derrickson as she attempted to eat, thereby resulting in Mrs. Derrickson's aspiration of food which led to choking, hypoxia, and eventual death.

16. The Late Rose Sarah Derrickson was in no way contributorily negligent.

17. Claim is made against the Defendant Corporation for the death of Rose Sarah Derrickson on June 23, 2009.

18. It is asserted that Rose Sarah Derrickson suffered excruciating physical and emotional pain from the time she choked on her meal on June 19, 2009 until her death on June 23, 2009, for which claim is made against the Defendant Corporation.

19. The Estate of the Late Rose Sarah Derrickson has incurred hospital, medical, funeral and burial expenses as a result of the negligence of nursing staff and/or other healthcare providers at all time acting for and on behalf of the Defendant Corporation, for which claim is made against the Defendant Corporation herein.

## COUNT I- WRONGFUL DEATH

COMES NOW the Plaintiff Linda Yingling, Individually as Surviving Daughter of the Late Rose Sarah Derrickson, by and through her undersigned attorneys, and makes this claim

against Defendant Corporation and in support of her claim of wrongful death pursuant to Section 3-901 through 3-904 of the Courts and Judicial Proceedings Article of the Maryland Annotated Code states the following:

20. The Plaintiff Linda Yingling, Individually as Surviving Daughter of the Late Rose Sarah Derrickon, hereby adopts and incorporates by reference as though fully set forth herein, all of the allegations of claims and facts in the preceding paragraphs and/or counts.

21. Plaintiff Yingling is a surviving beneficiary in this action pursuant to Section 3-904 (a) of the Courts and Judicial Proceedings Article.

22. As a direct and proximate result of the negligence of the nursing staff and/or healthcare providers acting at all times for and on behalf of the Defendant Corporation, in causing the death of Rose Sarah Derrickson, the Plaintiff Yingling has been deprived of the love, society, companionship, parental care, comfort, protection, and financial support that her mother, the Late Rose Sarah Derrickson, would have provided had her untimely death not occurred, and has suffered and continues to suffer grief, sadness, and emotional pain as a direct and proximate result of the death of his beloved mother, the Late Rose Sarah Derrickson, and claim is made against the Defendant Corporation for these losses.

23. The Plaintiff Linda Yingling, Individually and as Surviving Daughter of the Late Rose Sarah Derrickson states that all of the injuries described hereinabove were caused solely by the actions of the nursing staff and/or other healthcare providers at all times acting for and on behalf of the Defendant Corporation, without any action on the part of the Plaintiff Yingling or the Late Rose Sarah Derrickson, thereunto contributing.

WHEREFORE, the Plaintiff Linda Yingling, Individually as Surviving Daughter of the Late Rose Sarah Derrickson, makes this claim against the Defendant Emeritus Corporation, dba

Emeritus Senior Living, dba Summerville at Westminster to be determined by a jury, together with all the costs of this action. The amount in controversy exceeds $30,000.00.

### COUNT II- WRONGFUL DEATH

COMES NOW the Plaintiff John Larry Derrickson, Individually as Surviving Son of the Late Rose Sarah Derrickson, by and through his undersigned attorneys, and makes this claim against the Defendant Corporation and in support of her claim of wrongful death pursuant to Section 3-901 through 3-904 of the Courts and Judicial Proceedings Article of the Maryland Annotated Code states the following:

24. The Plaintiff John Larry Derrickson, Individually as Surviving Son of the Late Rose Sarah Derrickon, hereby adopts and incorporates by reference as though fully set forth herein, all of the allegations of claims and facts in the preceding paragraphs and/or counts.

25. Plaintiff John Derrickson is a surviving beneficiary in this action pursuant to Section 3-904 (a) of the Courts and Judicial Proceedings Article.

26. As a direct and proximate result of the negligence of the nursing staff and/or healthcare providers acting at all times for and on behalf of the Defendant Corporation, in causing the death of Rose Sarah Derrickson, the Plaintiff John Derrickson has been deprived of the love, society, companionship, parental care, comfort, protection, and financial support that his mother, the Late Rose Sarah Derrickson, would have provided had her untimely death not occurred, and has suffered and continues to suffer grief, sadness, and emotional pain as a direct and proximate result of the death of his beloved mother, the Late Rose Sarah Derrickson, and claim is made against the Defendant Corporation for these losses.

27. The Plaintiff John Larry Derrickson, Individually and as Surviving Son of the Late Rose Sarah Derrickson states that all of the injuries described hereinabove were caused solely by

31. The Plaintiff Linda Yingling, as Personal Representative of the Estate of the Late Rose Sarah Derrickson, states that all of the injuries described hereinabove were caused solely by the actions of nursing staff and/or other healthcare providers acting at all times for and on behalf of the Defendant Corporation without any action on the part of the Plaintiff Yingling or the Late Rose Sarah Derrickson, thereunto contributing.

WHEREFORE, the Plaintiff Linda Yingling, as Personal Representative of the Late Rose Sarah Derrickson, makes this claim against the Defendant in an amount to be determined by a jury, together with all the costs of this action. The amount in controversy exceeds $30,000.00.

_____
David Ellin
Law Office of David Ellin, P.C.
20 South Charles Street #308
Baltimore, Maryland 21201
(410) 727-1005


Attorneys for the Plaintiffs